# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT JOE TURNER,<br>　　Petitioner, | § § § | |
| V. | § § | A-08-CA-875-LY |
| NATHANIEL QUARTERMAN, Director,<br>Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>　　Respondent. | § § § § § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:　　The Honorable Lee Yeakel, United States District Judge

　　The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

　　Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 9). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.　　Petitioner's Criminal History**

　　According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas in cause

number D-1-DC-05-900344. On June 24, 2005, Petitioner was indicted for driving while intoxicated ("DWI"). The indictment alleged that Petitioner had four prior misdemeanor DWI's, four prior felony DWI's, one prior burglary, and one final theft. On December 5 and 6, 2005, Petitioner was tried, convicted and sentenced to 99 years imprisonment.

Petitioner's conviction was affirmed on June 15, 2007. <u>Turner v. State</u>, No. 03-06-00204-CR, 2007 WL 1711796 (Tex. App. – Austin 2007). On December 12, 2007, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. <u>Turner v. State</u>, PD 1006-07 (Tex. Crim. App. 2007).

Petitioner also challenged his conviction in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on September 24, 2008. <u>Ex parte Turner</u>, Appl. No. 70,139-01 at cover.

**B.     Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below:

> Appellant was the driver in a one-vehicle accident. The investigating officers testified that it appeared to them that appellant was speeding when his pickup truck drifted off the road, struck a mailbox and an embankment, and rolled over, coming to rest against a utility pole. The officers saw no skid marks or other signs of evasive action on the highway. They found a half-full can of beer in the cab of the pickup truck. An ice chest and two unopened cans of beer were thrown from the vehicle during the accident.
>
> Appellant had been taken to the hospital before the officers arrived at the accident scene. When the officers interviewed appellant later at the hospital, they noticed that both he and his breath smelled strongly of an alcoholic beverage. Appellant's speech was slurred, his eyes were bloodshot, and he had a "lost expression" on his face. The officers were of the opinion that appellant was intoxicated. Appellant, however, told the officers that he had not consumed any alcoholic beverage and explained the odor by saying that his brother had spilled beer on him earlier that day. He told them that

he had lost control of his pickup truck when he swerved to avoid hitting dogs that ran into the road.

Turner v. State, No. 03-06-00204-CR, 2007 WL 1711796 (Tex. App. – Austin 2007).

**C.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied the effective assistance of counsel at trial when his trial attorney:

    a. failed to call any witnesses to testify on his behalf,

    b. failed to challenge the expertise of the Department of Public Safety ("DPS") officers;

    c. failed to object to the jury instructions because they lacked an instruction on circumstantial evidence and a definition of "reasonable doubt;"

    d. failed to object to testimony concerning Petitioner's withholding his consent to a blood draw.

2. He was denied the effective assistance of appellate counsel when his appellate attorney:

    a. failed to secure a complete copy of the clerk's record prior to filing Petitioner's appellate brief; and

    b. failed to raise an issue concerning his warrantless arrest in his PDR;

3. The evidence was insufficient to sustain the conviction since the evidence was only circumstantial;

4. The indictment was fundamentally defective because his arrest was not based on a valid complaint made by some credible, non-law-enforcement person; and

5. The jury charge failed to include an instruction on circumstantial evidence and a definition of "reasonable doubt."

**D.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

4

determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.     Ineffective Assistance of Trial Counsel**

In his first ground for relief, Petitioner argues that he was denied effective assistance of counsel. Petitioner raised this same issue in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Petitioner first complains that his attorney failed to call any witnesses to testify on his behalf. Specifically, Petitioner mentions his friend, who was an eyewitness, was not called to testify. However, Petitioner fails to identify his friend. On state habeas review the state court noted Petitioner failed to identify any alleged witnesses that defense counsel failed to contact or who could have aided in his defense. Ex parte Turner, Appl. No. 70,139-01 at 69.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986)). Allegations that counsel failed to investigate and develop useful evidence are not sufficient to warrant a hearing or relief absent an "affirmative showing of what the missing evidence or testimony would have been" and an explanation "why it would have been likely to make any difference in his trial or sentencing." Anderson v. Collins, 18 F.3d 1208, 1220 (5th Cir. 1994). "A prisoner's bald conclusory assertion that supposed . . . witnesses were not called does not serve to 'overcome the strong presumption that his counsel's actions were reasonable.'" Sayre, 238 F.3d at 635 (quoting Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985)). Petitioner does not identify any of the uncalled witnesses or indicate what testimony they would have provided.

Petitioner next complains that counsel failed to challenge the expertise of the Department of Public Safety ("DPS") officers. The record indicates that DPS Troopers Ricardo Lomas and Frank Lozano testified for the State. II SF 7-49, 49-74. Trooper Lomas stated he had been trained in "field sobriety [and] accident investigation" and was trained in "recognizing signs of intoxicated individuals and intoxicated drivers." II SF 9-10. Trooper Lozano stated he was a "standardized field

7

sobriety testing instructor" and holds a "practitioner's certification for the standardized field sobriety testing." II SF 48-49.

Respondent argues challenging these troopers on their expertise would have been poor trial strategy since both witnesses had ample, apparent expertise. Respondent contends to have challenged the troopers' expertise would have prompted each witness to recount a record of extensive training, certifications, classes, awards, and prior DWI investigations and trial testimony reinforcing, not impeaching, the credibility of the witnesses and alienating the jury.

On state habeas review the state court found that counsel did not err in failing to object to the DPS officers' observations and opinions regarding signs of intoxication exhibited by Petitioner. Ex parte Turner, Appl. No. 70,139-01 at 69. It is well established that counsel is not ineffective in failing to raise futile or meritless objections. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

Plaintiff next complains that counsel failed to object to the jury instructions because they lacked an instruction on circumstantial evidence and a definition of "reasonable doubt." On direct review the Third Court of Appeals held the trial court's jury instructions regarding the State's burden of proof correctly conveyed the concept of reasonable doubt. Turner v. State, No. 03-06-00204-CR, 2007 WL 1711796 at *2. (Tex. App. – Austin 2007, pet. ref'd). Accordingly, Petitioner cannot show prejudice by counsel's failure to object.

Plaintiff also complains that counsel failed to object to testimony concerning Petitioner's withholding his consent to a blood draw. The record indicates that Trooper Lomas asked Petitioner to provide a blood sample for testing. II SF 35-36; SX 16 (Statutory Warning). Petitioner refused. II SF 36. As explained by Respondent, an objection would have been futile as Petitioner's refusal was admissible. See Tex. Transp. Code § 724.061 (West 2005). Section 724.061 provides:

> A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.

Accordingly, an objection would have been futile.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**C.     Ineffective Assistance of Appellate Counsel**

In his second ground for relief, Petitioner claims his appellate counsel was ineffective for failing to secure and review the entire clerk's record before filing Petitioner's appellate brief.[2] Petitioner also contends counsel was ineffective for failing to argue on direct appeal that his arrest was illegal without a probable cause affidavit.[3]

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469

---

[2] The record indicates that the Third Court of Appeals ordered the Travis County court reporter to file a transcription of "voir dire and other events on the first day of trial" by November 17, 2006. Order dated October 30, 2006. Appellate counsel subsequently filed Petitioner's brief on January 9, 2007, noting the court reporter never provided the supplemental record. See Appellant's Corrected Opening Brief at 1. An email included in the record indicates that as of March 13, 2007, the transcription had not been filed as ordered. On April 13, 2007, a "Supplemental Clerk's Record" was filed in the appellate court including a certification of Petitioner's right to appeal but did not contain the voir dire proceedings. See First Supplemental Clerk's Record.

[3] Petitioner contends appellate counsel should have raised the illegal arrest claim in his PDR. However, the record reveals this issue was not presented in his original appeal. Because counsel could not have raised an issue in the PDR that was not raised on direct appeal, the Court construes Petitioner's claim as contending the illegal arrest claim should have been raised on direct appeal.

U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))). Appellate counsel is not ineffective because he failed to raise the issues presented by the defendant or because he failed to raise every possible point on appeal. Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

On state habeas review, the state court noted that Petitioner failed to identify the portion of the appellate record that was allegedly missing on direct appeal and failed to identify what alleged error the record would reveal. In his federal application Petitioner also did not identify what claims counsel should have made had she reviewed the portion of the record never made available to her. As such, Petitioner has not shown how he was prejudiced thereby.

With regard to Petitioner's contention that counsel should have challenged his alleged illegal arrest Petitioner's claim is without merit. As explained by Respondent, Trooper Lomas had probable cause to believe that Petitioner had committed DWI given the indications of consumption and impairment. See Turner v. State, No. 03-06-00204-CR, 2007 WL 1711796 at *1 (Tex. App. – Austin 2007, pet. ref'd). Counsel is not required to raise a meritless point of error.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**D.     Sufficiency of the Evidence**

In his next ground for relief, Petitioner argues the evidence is insufficient to support his conviction. Petitioner presented this same claim in his state application for habeas corpus relief. On

state habeas review the trial court concluded that the claim was not cognizable via an application for writ of habeas corpus. Ex parte Turner, Appl. No. 70,139-01 at 70. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), cert. denied, 520 U.S. 1242, 117 S. Ct. 1847 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App.1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. Ylst v. Nunnemaker, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991).

**E.     Indictment**

In his next ground for relief, Petitioner argues the indictment was fundamentally defective because his arrest was not based on a valid complaint made by some credible, non-law-enforcement person. On state habeas review the trial court concluded any challenge to the sufficiency of the charging instrument had been waived. Ex parte Turner, Appl. No. 70,139-01 at 70. Additionally, the court noted that the grand jury's return of the indictment constituted probable cause to sustain the charge against Petitioner. Id.

"The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." McKay

11

v. Collins, 12 F.3d 66, 68 (5th Cir.), cert. denied, 553 U.S. 854, 115 S. Ct. 157 (1994); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993). "For an indictment to be 'fatally defective,' no circumstances can exist under which a valid conviction could result from facts provable under the indictment." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988), cert. denied, 489 U.S. 1086, 109 S. Ct. 1546 (1989). State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 512 U.S. 1289, 115 S. Ct. 42 (1994). However, consideration of the sufficiency of an indictment is foreclosed in federal proceedings if the state's highest court has determined that the indictment is sufficient. Yohey, 985 F.2d at 229; Morlett, 851 F.2d at 1523.

In the present case, Petitioner raised the insufficient indictment claim in his state application for habeas corpus review. The Texas Court of Criminal Appeals denied Petitioner's application without written order. The Texas Court of Criminal Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose. McKay, 12 F.3d at 68 (citing Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985)). Accordingly, this Court is precluded from finding that the indictment was so defective that it divested the state trial court of jurisdiction.

**F.     Jury Charge**

In his final ground for relief, Petitioner argues the trial court should have included an instruction concerning circumstantial evidence and a definition of "reasonable doubt." Petitioner raised this issue on direct appeal. The state appellate court thoroughly analyzed Petitioner's claim and noted that the trial court's jury charge authorized Petitioner's conviction if the jury found each element of the offense beyond a reasonable doubt. Turner v. State, No. 03-06-00204-CR, 2007 WL

1711796 at *1 (Tex. App. – Austin 2007, pet. ref'd). The charge did not define "reasonable doubt." Id. (citing Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (holding that "better practice is to give no definition of reasonable doubt at all to the jury")). The court further noted that the charge did not include a circumstantial evidence instruction. Id. (citing Hankins v. State, 646 S.W.2d 191, 198-99 (Tex. Crim. App. 1983) (op. on reh'g) (abolishing circumstantial evidence charge and holding that if jury is properly instructed on burden of proof, "charge on circumstantial evidence is valueless and invites confusion")). The appellate court found no error in the trial court's charge, holding that the trial court's jury instructions regarding the State's burden of proof correctly conveyed the concept of reasonable doubt. Id. at *2. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

Moreover, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991). A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710 (1993).

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Mayabb v. Johnson, 168 F.3d 863, 868 (5th Cir. 1999) (quoting Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. Brecht, 507 U.S. at 637.

As explained by Respondent, Petitioner was not entitled to either an instruction or a definition. The failure to receive either could not have affected the outcome of the case, since it was clear to the jury that there were no eyewitnesses to the accident or Petitioner's drinking. That the jury could find him guilty on circumstantial evidence alone is without dispute. Narvaiz v. State, 840 S.W.2d 415, 426 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975, 113 S. Ct. 1422 (1993).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE